**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONNIE LEE WALLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-1153 HEA |
| | ) | |
| CHRIS HINCKLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented plaintiff Ronnie Lee Waller, Jr. brings this civil action against Assistant

St. Louis City Prosecutors Chris Hinckley and Gabriel Gore. The matter is now before the Court

upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the

required filing fees and costs. [ECF No. 2]. Having reviewed the motion and the financial

information submitted in support, the Court will grant the motion and assess an initial partial filing

fee of $1.00. *See* 28 U.S.C. § 1915(a)(1). After review of plaintiff's complaint, the Court will

dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). As such, plaintiff's

motions for appointment of counsel, to compel discovery and for service of summons will be

denied as moot. [ECF Nos. 4, 7 and 8].

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period.  After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff failed to submit a *certified* copy of his prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his *certified* prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### Plaintiff's Complaint and Supplemental Complaint

Plaintiff Ronnie Lee Waller, Jr. brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He names Assistant St. Louis City Prosecutors Chris Hinckley and Gabriel Gore as defendants in this action. He sues defendants in their individual and official capacities.

Plaintiff alleges that the defendant prosecutors issued a warrant for his arrest in St. Louis City Circuit Court prior to him turning eighteen years old. He states that although the crime purportedly happened on June 9, 2021, and at the time he was under the jurisdiction of the Juvenile Court, the prosecutors waited until August 30, 2022, approximately ten (10) days after his nineteenth birthday, to seek a warrant for his arrest. Thus, plaintiff asserts that because the crime occurred prior to his eighteenth birthday and while he was under the jurisdiction of the Juvenile Court, prosecutors did not have jurisdiction to charge him as an adult in the Circuit Court because they failed to get certification from the Juvenile Court.

Plaintiff seeks monetary damages in this action.

**Plaintiff's State Court Criminal Action**

A criminal complaint was filed by Assistant Circuit Attorney Christopher Hinckley on June 29, 2022, in the Circuit Court for the City of St. Louis charging plaintiff with two counts of assault in the first degree, three counts of armed criminal action and one count of unlawful use of a weapon/shooting from a motor vehicle. *State v. Waller*, No. 2222-CR00956 (22nd Jud. Cir., St. Louis City). The complaint was supported by a probable cause statement, which was dated June 22, 2022, and stated, in pertinent part:

> After observing an Audi Q5 commit multiple traffic violations and drive erratically, officers KM and CJ began to surveil the Audi, later learning the temporary tag on the rear of the vehicle was invalid. As officers KM and CJ continued to follow the Audi in their unmarked police vehicle, the Audi turned onto Jefferson Avenue, heading south. Officers KM and CJ followed the Audi onto Jefferson Avenue. After driving several blocks, the officers observed the defendants' Audi ahead, curbed near the corner of Jefferson and Shenandoah. As the officers approached, the Audi moved forward and executed an immediate U-turn pointed them toward the officers' vehicle. As the Audi drove at the officers' car, Defendant Waller emerged from the top of the Audi armed with a semi-automatic pistol. Defendant Waller "racked" the firearm and fired at least one shot at Officers KM and CJ as they sat in their unmarked police vehicle. Defendant Huntley was driving the Audi. Officers KM and CJ and several other police vehicles pursued the defendants in the Audi 5. During the pursuit, Defendant Huntley drove the Audi well above the speed limit, violating multiple traffic laws and signals. The police eventually apprehended the defendants Huntley and Waller near the intersection of Pine Street and Memorial Drive in Downtown St. Louis. Th police search of the defendants' Audi revealed a .40 caliber semi-automatic firearm and a .40 caliber drum magazine with 36 rounds. Police searching the scene where defendant Waller fired at the officers recovered a .40 caliber shell casing. The St. Louis Police Firearms Laboratory examined the .40 caliber shell casing and the .40 caliber semi-automatic pistol recovered in the defendants' Audi. The Lab's examination revealed that the recovered shell casing was fired from the .40 caliber semi-automatic pistol recovered in the vehicle occupied by Defendants Waller and Huntley.
>
> After the arrest, the defendants were interviewed by the police. Defendant Waller admitted to firing at officers KM and CJ and their vehicle. Defendant Huntley admitted to driving the Audi at the vehicle containing officers KM and CJ. When asked if defendant Waller fired at the officers, Huntley replied, "He [Waller] did what he had to do; he took care of business."

Although a warrant was requested as to the criminal complaint on June 29, 2022, the warrant was withdrawn on August 30, 2022. *Id.*

A grand jury indictment, however, was filed on August 30, 2022, and a warrant was issued as to the indictment on that date. Plaintiff was charged with two counts of assault in the first degree, three counts of armed criminal action and one count of unlawful use of a weapon/shooting from a moving vehicle. *State v. Waller*, No. 2222-CR00956-01 (22nd Jud. Cir., St. Louis City).

The warrant was served on plaintiff on September 16, 2022, and an order of detention hearing was held at that time. *Id.* Plaintiff entered a plea of not guilty, and the Court set the matter for bond hearing on September 23, 2022. *Id.* At the bond hearing on September 23, 2022, the Court denied plaintiff's request for bond, and a "no bond" order was issued. *Id.* Plaintiff's case is currently set for trial on March 18, 2024. *Id.*

## Discussion

After careful review and liberal construction of plaintiff's allegations, the Court finds that this case should be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

To the extent that plaintiff brings this action for violations of his civil rights under 42 U.S.C. § 1983, his allegations fail to state a valid claim for relief. Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while

initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (abrogated on other grounds).

In this case, plaintiff asserts that defendants committed prosecutorial misconduct when they failed to have the Juvenile Court certify him as an adult prior to charging him in Circuit Court. First, plaintiff is incorrect on the law in Missouri on this issue. Missouri Revised Statute § 211.071.2 provides that "[u]pon apprehension and arrest, jurisdiction over the criminal offense allegedly committed by any person between seventeen and twenty-one years of age over whom the juvenile court has retained continuing jurisdiction shall automatically terminate and that offense shall be dealt with in the court of general jurisdiction as provided in section 211.041." Accordingly, plaintiff is not entitled to the certification hearing for a juvenile between the ages of 17 and 21 years over whom the court has jurisdiction because such jurisdiction automatically terminated when the police apprehended and arrested plaintiff after the car chase on or about June 9, 2021, when he was the age of seventeen (17). *See also Glasby v. State*, 739 S.W.2nd 769, 771 (Mo.Ct.App. 1987). Regardless, given the current state of the law in Missouri, defendants' decision to charge plaintiff as an adult was a decision of trial strategy that is part of the prosecutorial functions for which they have absolute immunity. As such, plaintiff's § 1983 claims against defendants are barred by immunity.

Last, to the extent that plaintiff is seeking review of the decisions made in his state court trial, this federal court does not sit in review of a state court decision on the same claims. *See Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery [ECF No. 7] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to effectuate service of summons [ECF No. 8] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE